# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Bradley Sternfels,

    Plaintiff

v.

United of Omaha Life Insurance Company,

    Defendant

Case No.: 2:25-cv-00112-JAD-BNW

**Order Granting Joint Motion to Seal**

[ECF No. 23]

In this disability-insurance dispute, the parties were given leave to file their exhibits as an administrative record.[1] They jointly move to seal that record, asserting that the vast majority of its exhibits contain plaintiff Bradley Sternfels's medical history and are replete with personal health information and personal identifying information.[2] "The public has a 'general right to inspect and copy public records and documents including judicial records and documents.'"[3] "Although the common law right of access is not absolute, '[courts] start with a strong presumption in favor of access to court records.'"[4] A party seeking to seal judicial records attached to dispositive motions[5] "can overcome the strong presumption of access by providing

---

[1] *See* ECF No. 17 at 2 (discovery plan and scheduling order).

[2] ECF No. 23.

[3] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978)).

[4] *Id.* (quoting *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[5] For sealing purposes, the Ninth Circuit considers dispositive any motion that "is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety v. Chrysler Grp. LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (citations omitted). The parties concede that they must show compelling reasons to seal the administrative record because it will be used as the basis for evidence undergirding their dispositive motions. *See* ECF No. 23 at 2–3.

'sufficiently compelling reasons' that override the public policies favoring disclosure."[6]  "When ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records" and "articulate a factual basis for each compelling reason to seal."[7]

I have reviewed the 3,000+ page administrative record, and I conclude that compelling reasons exist to keep it sealed in its entirety.  The exhibits consist almost entirely of medical records and documents that contain Sternfels's personal and private health information.  I find that Sternfels's interest in keeping that information private outweighs any public interest in its disclosure.  So I grant the parties' joint motion to seal.

## Conclusion

IT IS THEREFORE ORDERED that the joint motion to seal **[ECF No. 23] is GRANTED.**  The Clerk of Court is directed to **MAINTAIN THE SEAL on ECF No. 19.**

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2025

---

[6] *In re Midland*, 686 F.3d at 1118 (quoting *Foltz*, 331 F.3d at 1135); *see also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

[7] *In re Midland*, 686 F.3d at 1119 (citations omitted).